IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANDREA WASHINGTON,

    Plaintiff,

    v.                                      Civil Action No. RDB-19-2788

UNIVERSITY OF MARYLAND,
EASTERN SHORE, *et al.*,

    Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

In this lawsuit, Plaintiff Dr. Andrea Washington ("Plaintiff" or "Washington") alleges that the University of Maryland, Eastern Shore ("UMES") terminated her employment as the Director of the Counseling Center shortly after she complained of frequent sex-based harassment by one of her supervisors. Over two years after the events giving rise to this action, on September 20, 2019, Washington commenced this lawsuit against UMES and several University officials.[1] In light of time having expired to file any claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*,[2] Washington alleges a hostile work environment, discriminatory termination, and retaliatory termination under

---

[1] Washington brings suit against Heidi M. Anderson, President of the University of Maryland, Eastern Shore, in her official capacity. She sues J. Michael Harpe, Marie Harmon Billie, and Richard Hardy Rudasill in their individual capacities.

[2] Employment discrimination claims are routinely brought under Title VII, a federal statute which explicitly prohibits discrimination in employment based on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Before bringing suit under Title VII, a plaintiff must exhaust her administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). *Id.* § 2000e-5. In a deferral state, such as Maryland, the charge of discrimination must be filed within 300 days of the occurrence of an unlawful employment practice. *EEOC v. R&R Ventures*, 244 F.3d 334, 338 n.1 (4th Cir. 2001). This time limit is "akin to a statute of limitations." *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987). Washington does not allege that she pursued any administrative remedies. (ECF No. 10 ¶ 7.)

Title IX of the Education Amendments Act of 1972, 20 U.S.C. §§ 1681-1688 ("Title IX") and 42 U.S.C. § 1983.

Defendant UMES moves for dismissal of the Title IX claims asserted against it in Counts I, IV, and VII of the Amended Complaint, arguing that they are barred by a two-year statute of limitations. (ECF No. 17.) Washington opposes the motion. (ECF No. 21.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). Consistent with its prior rulings and the rulings of the United States Court of Appeals for the Fourth Circuit, this Court finds that the two-year statute of limitations period set forth in the Maryland Fair Employment Practices Act ("MFEPA"), Md. Code Ann., State Gov't § 20-601, *et seq.*, applies to Plaintiff's Title IX employment discrimination claims. *See Ott v. Md. Dep't of Public Safety & Corr. Servs.*, 909 F.3d 655, 660 (4th Cir. 2018) (applying MFEPA statute of limitations to Rehabilitation Act claims); *Moore v. Greenwood School District No. 52*, 195 F. App'x 140, 143 (4th Cir. 2006) (applying statute of limitations set forth in South Carolina's State Human Affairs Law to Title IX claims). Washington did not file this lawsuit within that two-year period. Accordingly, the Motion to Dismiss filed by Defendant University of Maryland, Eastern Shore (ECF No. 17) is GRANTED. Counts I, IV, and VII are DISMISSED WITH PREJUDICE. The University of Maryland, Eastern Shore is no longer a party in this action.

## BACKGROUND

In ruling on a motion to dismiss, this Court accepts as true the facts alleged in the plaintiff's complaint. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011). In August 2016, Washington began working at University of Maryland, Eastern Shore, as the Director

of the Counseling Center. (Am. Compl. ¶ 14, ECF No. 10.) In that capacity, Washington reported to the Associate Vice President, Dr. James M. White, Jr. ("White"), and the Vice President for the Division of Student Affairs, Dr. J. Michael Harpe ("Harpe"). (*Id.* ¶¶ 15-16.) In February 2017, White took a leave of absence as a result of an illness, leaving Harpe as Washington's *de facto* direct supervisor. (*Id.* ¶ 18.)

In late 2016, Harpe allegedly began to make sex-based discriminatory remarks about Washington. (*Id.* ¶ 29.) The Amended Complaint catalogues a number of these alleged remarks. (*Id.* ¶¶ 30-36, 43, 45.) For example, Harpe allegedly told Washington that "[n]o men are going to like you because you are a strong black woman. I'm not intimidated by you like these wimpy men here at UMES because I'm an Alpha male." (*Id.* ¶ 31.) Harpe allegedly made these types of comments daily. (*Id.* ¶ 37.)

Washington reported the harassment to White and the Assistant Vice President of Human Resources, Marie Harmon Billie, but both failed to take corrective action. (*Id.* ¶¶ 42-44, 46, 51.) In February 2017, Washington reported Harpe's behavior to the Title IX Coordinator, Richard Hardy Rudasill. (*Id.* ¶ 53.) Like White and Billie, Rudasill allegedly failed to investigate the complaint or take any action. (*Id.* ¶ 54.) On April 2, 2017, Washington initiated a formal oral complaint with attorney Marie Billie in Human Resources. (*Id.* ¶¶ 60-61.) A short time later, on April 13, 2017, Washington's employment was terminated. (*Id.* ¶ 73.)

On September 20, 2019, well over two years after the events described above, Washington initiated this lawsuit seeking to bring forth causes of action under Title IX of the Education Amendments Act of 1972, 20 U.S.C. §§ 1681-1688 ("Title IX"). (ECF No. 1.)

Washington's Amended Complaint brings nine Counts. Counts I, IV, and VII bring claims against the University of Maryland, Eastern Shore under Title IX.[3] Count I brings a sex-based hostile work environment claim. Count IV and VII bring claims of discriminatory and retaliatory termination, respectively. Presently pending is Defendant UMES's Motion to Dismiss Counts I, IV, and VII pursuant Federal Rule of Civil Procedure 12(b)(6). (ECF No. 17.)

## STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). While a complaint need not include "detailed factual allegations," it must set forth "enough factual matter [taken as true] to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff cannot rely on bald accusations or mere speculation. *Twombly*, 550 U.S. at 555.

In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint'" and must "'draw all reasonable inferences [from

---

[3] *See infra* n.2 (discussing why Washington could not assert a claim under Title VII).

4

those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Hall v. DirectTV*, LLC, 846 F.3d 757, 765 (4th Cir. 2017). "A court may dismiss a complaint on statute of limitations grounds if the time bar is apparent on the face of the complaint." *Smith v. Univ. of Md. Baltimore*, 770 F. App'x 50, 50 (4th Cir. 2019); *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005).

## ANALYSIS

UMES seeks dismissal of Washington's Title IX claims on statute of limitations grounds. The parties express disagreement over the governing limitations period. UMES argues that the two-year statute of limitations set forth in the Maryland Fair Employment Practices Act ("MFEPA") applies. Washington contends that the three-year statute of limitations governing Maryland personal injury claims governs. Based on the allegations presented in the Complaint, Washington's Title IX claims would be untimely under the two-year limitations period provided by MFEPA, but would survive the three-year limitations period generally applicable to Maryland personal injury claims.

Title IX prohibits sex-based employment discrimination in federally financed education programs. 20 U.S.C. § 1681(a); *North Haven Bd. of Educ. v. Bell*, 456 U.S. 512, 530-35, 102 S. Ct. 1912 (1982). Congress did not supply an express statute of limitations applicable to Title IX. *Wilmink v. Kanawha Cnty. Bd. of Educ.*, 214 F. App'x 294, 296 n.3 (4th Cir. 2007). When a federal law does not set forth a statute of limitations, courts "apply the most closely analogous statute of limitations under state law." *Reed v. United Transp. Union*, 488 U.S. 319, 323-24, 109 S. Ct. 621 (1989). A state law which provides essentially "the

same rights and remedies" as its federal counterpart will supply the applicable statute of limitations. *Ott v. Md. Dep't of Pub. Safety & Corr. Servs.*, 909 F.3d 655, 659 (4th Cir. 2018).

In this case, MFEPA is the state law most analogous to Title IX. As a result of recent amendments to MFEPA, both statutes now provide a private cause of action against state entities for sex-based employment discrimination and retaliation and permit similar remedies. In 2007, the Maryland General Assembly amended MFEPA to provide a new private cause of action for employment discrimination. *See* S.B. 678/H.B. 314, 2007 Md. Laws, Chs. 176 & 177, *codified as amended at* Md. Code Ann., State Gov't §§ 20-601, *et seq.* In 2009, MFEPA was again amended to waive sovereign immunity defenses to employment discrimination cases against state entities. *See* H.B. 51, 2009 Md. Laws, Ch. 120, *codified at* Md. Code Ann., State Gov't § 20-903. Similarly, Title IX has been interpreted to provide an implied private right of action to remedy employment discrimination in federally funded state education programs. *North Haven Bd. of Ed. v. Bell*, 456 U.S. 512, 530, 102 S. Ct. 1912 (1982). Like Title IX, MFEPA permits hostile work environment claims, discriminatory termination claims, and retaliatory discharge claims. *See Churchill v. Prince George's Cnty. Public Schools*, PWG-17-0980, 2017 WL 5970718, at *5 (D. Md. Dec. 1, 2017) (hostile work environment); *Wright v. SunTrust Bank*, RDB-15-3985, 2017 WL 633470, at *1 (D. Md. Feb. 16, 2017) (discriminatory termination); *Edgewood Mgmt. Corp. v. Jackson*, 212 Md. App. 177, 211 (2013) (retaliatory discharge). Accordingly, MFEPA's two-year statute of limitations governs.

This ruling is consistent with the decisions of the United States Court of Appeals for the Fourth Circuit in *Ott v. Md. Dep't of Public Safety & Corr. Servs.,* 909 F.3d 655, 660 (4th Cir.

2018) and *Moore v. Greenwood School District No. 52*, 195 F. App'x 140, 143 (4th Cir. 2006) (unpublished, per curiam).  In *Ott*, the Fourth Circuit affirmed this Court's decision that MFEPA was the "most analogous" state law to the federal Rehabilitation Act.  *Ott*, 909 F.3d at 659-60, *aff'g* RDB-16-3394, 2017 WL 3608181 (D. Md. Nov. 28, 2018)  The Court reasoned that both MFEPA and the Rehabilitation Act "redress discrimination against the same very specific group of persons" and provide "the same rights and remedies."  *Id.* at 660 (citations omitted).  Although the Court had previously applied Maryland's general civil three-year statute of limitations to Rehabilitation Act claims, *see Jeandron v. Bd. of Regents*, 510 F. App'x 223, 226 (4th Cir. 2013) (unpublished table decision), the Fourth Circuit reasoned that the recent amendments to MFEPA, discussed *supra*, rendered it the more analogous state law in the employment discrimination context.  (*Id.* at 659.)  Similarly, in *Moore*, the Fourth Circuit applied the statute of limitations set forth in South Carolina's State Human Affairs Law ("SCHAL") to Title IX because, like Title IX, SCHAL prohibited sex-based discrimination.  *Moore*, 195 F. App'x at 143.

*Ott* and *Moore* require this Court to apply MFEPA's statute of limitations to Washington's Title IX claims.  As *Moore* recognized, SCHAL's statute of limitations governs Title IX claims in suits brought in South Carolina because it offers the same protections as Title IX.  MFEPA is the Maryland counterpart to SCHAL.  Accordingly, when Title IX employment discrimination claims are brought in Maryland, MFEPA supplies the statute of limitations.  Although MFEPA once did not provide the same protections as Title IX and other federal anti-discrimination laws, *Ott* recognizes that the 2007 and 2009 amendments to MFEPA render it the closest state law analogue.

Washington objects that the Fourth Circuit's decision in *Wilmink v. Kanawha Cnty. Bd. of Educ.*, 214 F. App'x 294 (4th Cir. 2007) (unpublished, per curiam) forecloses this Court's ruling. In *Wilmink*, a minor student alleged that she was assaulted by her high school teacher in violation of Title IX and 42 U.S.C § 1983. *Wilmink*, 214 F. App'x at 295. Without significant discussion, and in the absence of any objection by the Plaintiff, the Fourth Circuit applied the statute of limitations period applicable to West Virginia personal injury claims. *Id.* at 296 n.3. The Fourth Circuit's decision in *Wilmink* is best understood in relation to the nature of the claim before it. Confronted with a student's sexual assault claim, it would have been incongruous for the Fourth Circuit to apply the limitations period of a state law prohibiting discrimination in employment. However, faced with an employment discrimination case, as in *Moore* and *Ott*, the Fourth Circuit has deemed it appropriate to apply the statute of limitations appearing in the relevant state's employment discrimination statute. In this employment discrimination case, that state law is MFEPA.

Citing *Wilson v. Garcia*, 471 U.S. 261, 270, 105 S. Ct. 1938 (1985), Washington presses that federal interests in uniformity are best served by identifying a single state statute of limitations to govern Title IX claims. *See Wilson v. Garcia*, 471 U.S. 261, 270, 105 S. Ct. 1938 (1985). Accordingly, Washington objects to the Fourth Circuit's approach, which requires the application of different statute of limitations depending on the nature of the Title IX claim asserted. Washington's objection overlooks the unique nature of § 1983 claims at issue in *Wilson*. In that case, the Supreme Court observed that 42 U.S.C. § 1983 permits plaintiffs to bring a "catalog" of constitutional claims, varying from "discrimination in public employment" to "the seizure of chattels." *Id.* at 273. Accordingly, the Court observed, the

statute of limitations question could not turn on "precise legal theory of each claim" without causing significant confusion and the depletion of judicial resources. *Id.* at 273-74. In that context, selecting a single, applicable limitations period within each state best served federal interests in uniformity. *Id.* at 275.

The concerns animating the Supreme Court's decision in *Wilson* do not apply in this context, because Title IX does not permit such a wide variety of claims. Unlike in § 1983 cases, identifying the type of claim presented in a Title IX case is a simple and straightforward task, admitting of easy application of the relevant limitations period. The same interests in judicial economy simply are not implicated in Title IX cases.

This Court holds that Washington's Title IX employment discrimination claims are subject to a two-year statute of limitations as set forth in the most analogous state law, the Maryland Fair Employment Practices Act ("MFEPA"), Md. Code Ann., State Gov't § 20-601, *et seq.* Washington did not bring the pending Title IX claims against UMES within that period. Accordingly, Counts I, IV, and VII are DISMISSED WITH PREJUDICE. The University of Maryland, Eastern Shore is no longer a party in this action.

## CONCLUSION

For the reasons stated above, Defendant University of Maryland, Eastern Shore's Motion to Dismiss (ECF No. 17) is GRANTED. The University of Maryland, Eastern Shore is no longer a party in this action.

A separate Order follows.

Dated:     September 24, 2020

               ___/s/_____
               Richard D. Bennett
               United States District Judge